# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| | **:** | |
| **PETER REISING**, *et al.* | **:** | Case No. 0:17-CV-00431 |
| | **:** | |
| Plaintiffs, | **:** | Judge Susan J. Dlott |
| | **:** | Magistrate Judge Karen L. Litovitz |
| vs. | **:** | |
| | **:** | **DEFENDANT THE TORO** |
| **THE TORO COMPANY**, | **:** | **COMPANY'S UNOPPOSED MOTION** |
| | **:** | **TO FILE DEPOSITION** |
| Defendant. | **:** | **TRANSCRIPTS UNDER SEAL** |
| | **:** | |

Defendant The Toro Company ("Toro") moves this Court for leave to file the deposition transcripts of Charles Holley (taken on February 12, 2019) and Thomas A. Berry (taken on June 26, 2019) under seal in accordance with the Court's Stipulated Protective Order (Doc. 19) and Southern District of Ohio Local Rule 5.2.1.

The reasons for this Motion are set forth in the attached Memorandum in Support. A proposed order is tendered herewith.

Respectfully submitted,

*/s/ Maureen A. Bickley*_____
Maureen A. Bickley (0085075)
Gabriel A. Davis (0098264)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
mbickley@fbtlaw.com
gdavis@fbtlaw.com

Nicholas C. Pappas (*admitted pro hac vice*)
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Tel: (317) 237-3888
Fax: (317) 237-3900
npappas@fbtlaw.com

*Counsel for Defendant The Toro Company*

<u>**MEMORANDUM IN SUPPORT**</u>

## I.      INTRODUCTION

Pursuant to the Court's Stipulated Protective Order (Doc. 19) and Local Rule 5.2.1(a), Defendant The Toro Company ("Toro") respectfully requests an Order granting leave to file the following deposition transcripts under seal:

- Charles Holley (taken on February 12, 2019)

- Thomas A. Berry (taken on June 26, 2019)

These transcripts contain Toro's non-public, confidential business information.  Toro's business could be damaged and/or competitively disadvantaged if such documents were filed publicly.  Further, Toro is filing the transcripts because it intends to rely on portions of those transcripts to support a forthcoming Motion to Exclude.  Toro intends to attach and file the relevant, non-confidential portions of the transcripts to the memorandum in support of that motion. Accordingly, Toro respectfully request an order that the aforementioned materials be filed under seal.

## II.     ARGUMENT

The transcripts Toro seeks to file under seal are entitled to protection because there is no public interest in the documents and their disclosure would result in an unfair advantage to Toro's competitors. "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983).  The "strong presumption in favor of openness" can be overcome by compelling reasons for non-disclosure.  *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  This Court has considered the following factors to determine if sealing documents is appropriate: (1) "the nature of the public's interest in

the case"; (2) "whether the information sought to be sealed is required by statute to be maintained in confidence"; and (3) "the privacy interests of third parties." *Thomas v. Nationwide Children's Hosp., Inc.*, No. 2:14-cv-1236, 2018 WL 1512908 (S.D. Ohio Mar. 27, 2018) (Sargus, Chief J.).

The deposition transcripts contain Toro's highly confidential and proprietary information, including information on past, present, and future design considerations.  Should this information fall into the hands of Toro's competitors, it could hurt Toro's competitive position in the marketplace.  Although there is not a statute requiring seal of the information in the documents, any possible public interest in the identified records is *de minimis*.   Further, Toro intends to file the relevant, non-confidential portions of the transcripts in support of its forthcoming motions. Finally, Plaintiffs do not oppose this motion.

## III.    CONCLUSION

For the foregoing reasons, Toro respectfully requests that the Court grant Toro leave to file the deposition transcripts of Charles Holley and Thomas Berry under seal.

5

Respectfully submitted,

*/s/ Maureen A. Bickley*_____
Maureen A. Bickley (0085075)
Gabriel A. Davis (0098264)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
mbickley@fbtlaw.com
gdavis@fbtlaw.com

Nicholas C. Pappas (*admitted pro hac vice*)
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Tel: (317) 237-3888
Fax: (317) 237-3900
npappas@fbtlaw.com

*Counsel for Defendant The Toro Company*

## CERTIFICATE OF SERVICE

I certify that on July 12, 2019, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael J. Rourke, Esq.
Robert P. Miller, Esq.
Rourke & Blumenthal, LLP
495 South High Street, Suite 450
Columbus, OH 43215
mrourke@randbllp.com
rmiller@randbllp.com

John D. Gehlhausen, Esq.
Locks Law Firm
PO Box 1079
200 South 5th Street
Lamar, CO 81052
jgehlhausen@tractorlaw.com

Marc P. Weingarten, Esq.
Locks Law Firm
The Curtis Center
601 Walnut Street, Suite 720
Philadelphia, PA 19106
mweingarten@lockslaw.com
*Counsel for Plaintiff*

*/s/ Maureen A. Bickley*
Maureen A. Bickley

0124079.0651714  4844-8062-1980v1