# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

|  |  |
|---|---|
| **PETER REISING**, *et al.* | Case No. 0:17-CV-00431 |
| Plaintiffs, | Judge Susan J. Dlott |
|  | Magistrate Judge Karen L. Litovitz |
| vs. |  |
|  | **DEFENDANT THE TORO** |
| **THE TORO COMPANY**, | **COMPANY'S UNOPPOSED MOTION** |
|  | **TO FILE EXPERT REPORTS UNDER** |
| Defendant. | **SEAL** |

Defendant The Toro Company ("Toro") moves this Court for leave to file portions of the expert report of Dr. Lisa P. Gwin (July 12, 2019) and the deposition transcript of Thomas A. Berry (taken on June 26, 2019) under seal in accordance with the Court's Stipulated Protective Order (Doc. 19) and Southern District of Ohio Local Rule 5.2.1.

The reasons for this Motion are set forth in the attached Memorandum in Support. A proposed order is tendered herewith.

Respectfully submitted,

*/s/ Maureen A. Bickley*_____
Maureen A. Bickley (0085075)
Gabriel A. Davis (0098264)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
mbickley@fbtlaw.com
gdavis@fbtlaw.com

Nicholas C. Pappas (*admitted pro hac vice*)
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Tel: (317) 237-3888
Fax: (317) 237-3900
npappas@fbtlaw.com

*Counsel for Defendant The Toro Company*

**MEMORANDUM IN SUPPORT**

### I. INTRODUCTION

Pursuant to the Court's Stipulated Protective Order (Doc. 19) and Local Rule 5.2.1(a), Defendant The Toro Company ("Toro") respectfully requests an Order granting leave to file portions of the following documents under seal:

- Deposition Transcript of Thomas A. Berry (taken on June 26, 2019)
- Expert Report of Dr. Lisa P. Gwin (July 12, 2019)

Dr. Gwin's report contains references to Plaintiff Pete Reising's medical diagnosis and injuries. Mr. Reising has a privacy interest in such information remaining confidential and non-public.

Mr. Berry's deposition transcript contains Toro's non-public, confidential business information. Toro's business could be damaged and/or competitively disadvantaged if such information were filed publicly.

Toro is filing the expert report and deposition transcript because it intends to rely on portions of those documents to support a forthcoming *Daubert* Motion to Exclude and a Motion for Summary Judgment. Toro intends to file the relevant, non-confidential portions of the Dr. Gwin's report and Mr. Berry's transcript to a Notice of Filing Exhibits in support of its *Daubert* Motion and Statement of Undisputed Facts for its Motion for Summary Judgment. Accordingly, Toro respectfully request an order that the aforementioned materials be filed under seal.

### II. ARGUMENT

The deposition transcript Toro seeks to file under seal is entitled to protection because there is no public interest in the documents and their disclosure would result in an unfair advantage to Toro's competitors. The expert report Toro seeks to file under seal is entitled to

protection because there is no public interest in the public disclosure of Mr. Reising's medical information.

"[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). The "strong presumption in favor of openness" can be overcome by compelling reasons for non-disclosure. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). This Court has considered the following factors to determine if sealing documents is appropriate: (1) "the nature of the public's interest in the case"; (2) "whether the information sought to be sealed is required by statute to be maintained in confidence"; and (3) "the privacy interests of third parties." *Thomas v. Nationwide Children's Hosp., Inc.*, No. 2:14-cv-1236, 2018 WL 1512908 (S.D. Ohio Mar. 27, 2018) (Sargus, Chief J.).

The deposition transcript contains Toro's highly confidential and proprietary information, including information on past, present, and future design considerations. Should this information fall into the hands of Toro's competitors, it could hurt Toro's competitive position in the marketplace.

Information about Mr. Reising's medical diagnosis, health, and his injuries is contained in portions of Dr. Gwin's report. The public disclosure of such information serves not public purpose and would be harmful to Mr. Reising's privacy interest in the confidentiality of such information.

Although there is not a statute requiring seal of the information in the documents, any possible public interest in the identified records is *de minimis*. Further, Toro intends to file the relevant, non-confidential portions of the expert reports in support of its forthcoming motions. Finally, Plaintiffs do not oppose this motion.

4

### III. CONCLUSION

For the foregoing reasons, Toro respectfully requests that the Court grant Toro leave to file portions of the export report of Dr. Lisa P. Gwin and the portions of the deposition transcript of Thomas Berry under seal.

Respectfully submitted,

*/s/ Maureen A. Bickley*
Maureen A. Bickley (0085075)
Gabriel A. Davis (0098264)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
mbickley@fbtlaw.com
gdavis@fbtlaw.com

Nicholas C. Pappas (*admitted pro hac vice*)
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Tel: (317) 237-3888
Fax: (317) 237-3900
npappas@fbtlaw.com

*Counsel for Defendant The Toro Company*

## **CERTIFICATE OF SERVICE**

  I certify that on August 28, 2019, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael J. Rourke, Esq.
Robert P. Miller, Esq.
Rourke & Blumenthal, LLP
495 South High Street, Suite 450
Columbus, OH 43215
mrourke@randbllp.com
rmiller@randbllp.com

John D. Gehlhausen, Esq.
Locks Law Firm
PO Box 1079
200 South 5th Street
Lamar, CO 81052
jgehlhausen@tractorlaw.com

Marc P. Weingarten, Esq.
Locks Law Firm
The Curtis Center
601 Walnut Street, Suite 720
Philadelphia, PA 19106
mweingarten@lockslaw.com
*Counsel for Plaintiff*

                */s/ Maureen A. Bickley*
                Maureen A. Bickley

0124079.0651714   4824-6331-6898v1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | : | |
|---|---|---|
| **PETER REISING**, *et al.* | : | Case No. 0:17-CV-00431 |
| | : | |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Karen L. Litovitz |
| vs. | : | |
| | : | **ORDER GRANTING** |
| **THE TORO COMPANY**, | : | **DEFENDANT THE TORO** |
| | : | **COMPANY'S UNOPPOSED MOTION** |
| Defendant. | : | **TO FILE EXPERT REPORTS UNDER** |
| | : | **SEAL** |

Before the Court is Defendant The Toro Company's Unopposed Motion to file portions of the expert report of Dr. Lisa P. Gwin (July 12, 2019) and the deposition transcript of Thomas A. Berry (taken on June 26, 2019) under seal with the Court under seal pursuant to LR 5.2.1; and to otherwise permit the prospective filing under seal of such sensitive information in this proceeding.

The Court having reviewed this matter, and being in all ways sufficiently advised, the Motion be, and the same hereby is, **GRANTED**.

This \_\_\_\_ day of _____, 2019.

_____
JUDGE SUSAN J. DLOTT